IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER MALLETT                                                                                          PLAINTIFF
ADC #130750

v.                                              3:21-cv-00157-JM-JJV

KENNETH DAVIS,
Deputy Warden, Grimes Unit, ADC; *et al.*                                                        DEFENDANTS

**AMENDED AND SUBSTITUTED RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Christopher Mallett ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) Plaintiff claims that Chaplain Robert Freeman violated his First Amendment right to freely exercise his Rastafarian religious beliefs by not giving him permission to wear his hair in dreadlocks. (*Id.*) Plaintiff brings this claim against Defendant Freeman in his official and personal capacities. (Docs. 2, 50.) And he seeks damages, as well as injunctive relief. (*Id.*)

Defendant Freeman has filed a Motion for Summary Judgment arguing he is entitled to sovereign and qualified immunity.  (Docs. 47-49).  Plaintiff has filed a Response.  (Doc. 50.)

Additionally, Plaintiff claims Deputy Warden Kenneth Davis violated his constitutional rights when he harassed him about his hair.  On September 14, 2021, I recommended claims against Warden Davis be dismissed from this cause of action during screening.  (Doc. No. 7.)  This recommendation was adopted and Warden Davis was dismissed.  (Doc. No. 8.)  However, a conflict was recently revealed and that dismissal was vacated and the previously presiding district judge has now recused.  (Doc. No. 54.)

Now, for the following reasons, I recommend Warden Davis be dismissed without prejudice on screening.  I further recommend the Motion for Summary Judgment be GRANTED and Plaintiff's First Amendment claim against Defendant Freeman be DISMISSED with prejudice, and this case be CLOSED[1].

**II.    SCREENING**

As I previously explained to Plaintiff, (Doc. No. 3), the Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(A)(b). After careful review, I find Defendant Davis should be dismissed from this case on screening.

Plaintiff says he was "harassed" by Deputy Warden Kenneth Davis about his hair. (Doc. 2 at 4.) But it is well settled that threats, insults, and verbal harassment by prison officials does not

---

[1] Other claims and Defendants have been previously dismissed without prejudice.  (Doc. 39.)

2

rise to the level of a constitutional violation. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001) (verbal harassment is actionable only if it is so brutal and wanton that it shocks the conscience). And, Defendant Davis cannot be held vicariously liable for First Amendment violations that may have been committed by his subordinates. *See Iqbal*, 556 U.S. at 676; see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, Defendant Davis can only be held liable if he violated Plaintiff's constitutional rights through his "own individual actions." *Iqbal*, 556 U.S. at 676. Because the Complaint does not contain any such allegations, Plaintiff has not pled a plausible § 1983 claim against Defendant Davis and he should be dismissed from this cause of action without prejudice.[2]

### III.  SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the

---

[2]  I previously entered an Order explaining mere verbal harassment was not sufficient to plead a plausible § 1983 claim, gave Plaintiff thirty days to file an Amended Complaint curing that pleading deficiency, and cautioned him I would recommend Defendant Davis be dismissed without prejudice if he did not do so.  (Doc. 3.)  Plaintiff did not file an Amended Complaint.  In a grievance attached to Defendants' exhaustion motion, Plaintiff said that, on February 25, 2021, Deputy Warden Davis told him he would get a disciplinary conviction for violating the ADC's hair policy if he did not cut or "take down" his dreadlocks.  (Doc. 21-3.)  Although he had ample opportunity to do so, Plaintiff did not plead that Deputy Warden Davis was personally involved in punishing him for exercising his religious beliefs.

evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.  FACTS

In January 2021, Plaintiff sent Chaplain Freeman a written request asking his religious preference be changed in the ADC's records from Islam to Rastafari. (Doc. 47-2 at 8-10.) Chaplain Freeman did so. (*Id.*) Because Plaintiff's religious beliefs prohibit him from cutting or combing his hair, he began to wear it in dreadlocks, which he believes to be sacred. (*Id.*) Dreadlocks are hair that is "matted," "bound up," or knotted" such that fingers and combs cannot be run through the individual dreadlocks. (Docs. 47-2 at 14; Doc. 47-3 at 2.) The ADC's hair policy, which is found in Administrative Directive 16-01 § (II)(B), says "[a]ll inmates must maintain a hair style that is worn loose, clean, and neatly combed." (Doc. 47-5 at 1). And "[n]o styles are permitted that make it difficult to search the hair, including cornrows, braids, pony tails, or dread locks." (*Id.*) The purpose of the policy is to prevent inmates from hiding contraband in their hair and to allow guards to search it with a comb. (Doc. 47-3.) And according to the

4

affidavit of the ADC Emergency Preparedness Coordinator, drugs, weapons, needles, SIM cards, handcuff keys, and other items have been previously found in inmates' hair.  (Doc. 47-3.)

Sometime in February 2021, Plaintiff sent a written request to Chaplain Freeman asking for an exemption or "religious script" authorizing him to wear dreadlocks.  (Doc. 47-2 at 16-17.) Plaintiff says he never heard back from Chaplain Freeman, and he never spoke to him personally about the matter.  (*Id.*)  In July 2021 and thereafter, Plaintiff received disciplinary convictions for violating the ADC's hair policy and was placed in restrictive housing.[3]  (Doc. 47-1.) Plaintiff says the Warden told him he could not leave restrictive housing until he either cut or removed his dread locks.  (Doc. 47-2 at 6-7.)  After six months in restrictive housing, Plaintiff says he "ripped" his dread locks apart, causing pain and bleeding.  (*Id.*)  Because he had removed his dreadlocks, prison officials released Plaintiff from restrictive custody in January 2022.  (*Id*; Doc. 47-1.)  On September 26, 2022, the ADC Director authorized Plaintiff to wear his hair in dreadlocks in accordance with his religious beliefs.  (Doc. 47-1, Doc. 50.)  That accommodation went into effect immediately, and it applies to any ADC facility where Plaintiff may live.

V.  **ANALYSIS**

   A.  **Sovereign Immunity**

Defendant Freeman argues he is entitled to sovereign immunity from the claim raised against him in his official capacity.  I agree.  The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity.  *Will v. Mich.*

---

[3] Plaintiff's First Amendment claims against the Defendants who allegedly gave him those disciplinary convictions have been dismissed without prejudice due to a lack of exhaustion.  (Doc. 39.)

*Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). Defendant Freeman is a state official. And, the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, Defendant Freeman is entitled to sovereign immunity from Plaintiff's request for monetary damages against him in his official capacity.

Sovereign immunity does not apply to Plaintiff's requests for injunctive relief or money damages from Defendant Freeman in his personal capacity. *Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). The latter exception will be discussed in the qualified immunity section of this Recommendation. As for injunctive relief, the parties agree Plaintiff has been allowed to wear his hair in dreadlocks since September 26, 2022. (Doc. 47-1; Doc. 50.) Thus, his request for injunctive relief is moot. *See Zajrael v. Harmon*, 677 F.3d 353, 354(8th Cir. 2012); *Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007). For these reasons, I recommend Plaintiff's official capacity claim against Chaplain Freeman be dismissed with prejudice.

  **B.**  **Qualified Immunity**

Defendant Freeman argues he is entitled to qualified immunity from Plaintiff's request for monetary damages from him in his personal capacity. Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021). Whether qualified immunity applies to the case at hand is a question of law, not fact, for the court to decide. *Kelsay v. Ernest,* 933 F.3d 975, 981 (8th Cir. 2019). Defendant Freeman is entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to

Plaintiff does not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *MacKintrush v. Pulaski Cty. Sheriff's Dept.*, 987 F.3d 767, 770 (8th Cir. 2021). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson* 555 U.S. at 236; *Mogard v. City of Milbank*, 932 F.3d 1184, 1188 (8th Cir. 2019). I find Defendant Freeman is entitled to qualified immunity based on the first prong of the analysis.

To prevail on a free exercise claim under the First Amendment claim, prisoners must first demonstrate the governmental action created a "substantial burden" on their ability to practice their religion. *Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 813 (8th Cir. 2008); *Murphy v. Mo. Dept. of Corrs.*, 372 F.3d 979, 982-83 (8th Cir. 2004). If they satisfy that requirement, the government must then show the impairment or restriction was "reasonably related to legitimate penological interests." *Gladson v. Iowa Dept. of Corrs.,* 551 F.3d 825, 831-32 (8th Cir. 2009) (quoting *Turner v. Safely*, 483 U.S. 78, 89 (1987)). When making that determination, the court must consider whether: (1) there is a valid rational connection between the prison regulation and the government interest justifying it; (2) there is any alternative means for the inmate to exercise that right; (3) an accommodation would have a significant ripple effect on guards, other inmates, and prison resources; and (4) there is an alternative that fully accommodates the prisoner at *de minimis* cost to valid penological interests. *Turner,* 482 U.S. at 89-91; *Gladson,* 551 F.3d at 831. Applying this analysis, two decisions from the Eastern District of Arkansas have found genuine issues of fact remain as to whether the ADC's prohibition against wearing dreadlocks violates prisoners' First Amendment rights. *See Pitts v. Payne*, No. 4:20-cv-849-KGB-ERE, 2021 WL

7186140, at *4 (E.D. Ark. Aug. 10, 2021), *rec. adopted*, 2022 WL 586847 (E.D. Ark. Feb. 25, 2022) (set for trial the week of January 30, 2023) (Doc. 53); *Cox v. Payne*, No. 5:19-CV-54-DPM-PSH, 2021 WL 906359, at *7 (E.D. Ark. Jan. 20, 2021), *rec. adopted*, 2021 WL 885586 (E.D. Ark. Mar. 9, 2021) (settled December 22, 2021) (Docs. 72-74).[4] And I find the reasoning of both opinions to be sound. However, the matter does not need to be decided in this case for an important reason.

Because there is no vicarious liability in § 1983 actions, a prisoner must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). According to the affidavit of John Moss, who is the current Deputy Warden of the Grimes Unit, Chaplain Freeman did not have the authority to grant an accommodation or religious exemption to the ADC's hair policy. (Doc. 47-2.) Instead, only the ADC Director has the power to do so. (*Id*.) And he says Plaintiff did not contact the ADC Director's office about obtaining a religious exemption. (*Id*.) Finally, Deputy Warden Moss says Chaplain Freeman was not involved Plaintiff's disciplinary convictions or assignment to restrictive housing due to his refusal to remove his dreadlocks. (*Id*.) Plaintiff does not challenge these assertions in his Response. (Doc. 50). However, I note in his deposition and grievances, Plaintiff said Sergeant Sparks (a former Defendant in this case) told him Chaplain Freeman had the authority to issue a religious exemption for dreadlocks. (Doc. 21-3; Doc. 21-4; Doc. 47-2 at 7-8.) And Plaintiff says he heard from inmates that chaplains at other ADC Units had granted such exemptions. (*Id*.) But what officers or inmates told Plaintiff about what they believed Chaplain Freeman had the authority to do is inadmissible hearsay. *See Glover*

---

[4] In *Pitts* and *Cox*, the Courts also found triable issues on the prisoners' challenges raised under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff has not raised a RLUIPA claim in this case.

*v. Bostrom,* 31 F.4th 601, 605 (8th Cir. 2022) (out of court statements made to a prisoner are hearsay and cannot be used to defeat summary judgment); *Mick v. Raines*, 883 F.3d 1075, 1080 (8th Cir. 2018) (hearsay cannot be used to create a genuine issue of material fact). At summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010); *see also Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019) (the trial "court must base its determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial"). Because Plaintiff has not presented any admissible evidence suggesting Chaplain Freeman had the authority to issue a "religious script" exempting him from the ADC's hair policy or that he was otherwise personally involved in punishing Plaintiff for refusing to remove his dreadlocks, I conclude Chaplain Freeman is entitled to qualified immunity. Accordingly, I recommend Plaintiff's personal capacity claim against Unit Chaplain Robert Freeman be dismissed with prejudice.

## VI.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Davis be DISMISSED without prejudice from this lawsuit because Plaintiff has not pled a plausible claim against him.

2. Defendant's Motion for Summary Judgment (Doc. 47) be GRANTED, Plaintiff's First Amendment claim against Defendant Freeman be DISMISSED with prejudice, and this case be CLOSED.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE